```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

```
ELIZABETH KEATING,             :
                               :
        Plaintiff,             :
                               :    NO. 1:09-CV-00540
    v.                         :
                               :
COMMISSIONER OF                :
SOCIAL SECURITY,               :
                               :
        Defendant.             :
```

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 15) and Plaintiff's objections thereto (doc. 16). In his Report and Recommendation, the Magistrate Judge recommended that the decision of the Administrative Law Judge ("ALJ") that Plaintiff was not disabled before February 2, 2007, be affirmed and this case be dismissed from the Court's docket (doc. 15). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in its entirety.

**I. Background**

In January 2001, Plaintiff was incarcerated for attempting to murder her former business partner (Id.). After her arrest she was held in a psychiatric unit for thirteen days for her safety and diagnosed with Psychotic Disorder Not Otherwise Specified (Id.). At this time she reported auditory hallucinations and no memory of the attempted murder (Id.).

Plaintiff was treated for bipolar disorder throughout her incarceration, and, although she was at times nervous or depressed, mental health evaluations from February 2001 to September 2006, which Plaintiff underwent while at the Ohio Reformatory of Women, were generally positive, describing her as cooperative, lucid, logical, and pleasant (Id.). In September 2004 and January 2006 Plaintiff received global assessment of functioning ("GAF") scores of 70 and 70-75 respectively, indicating that her symptoms were mild and that she was generally functioning pretty well (Id.).

After her release, Plaintiff began seeing Dr. Borders, a psychiatrist who diagnosed Plaintiff in February 2007 with bipolar disorder type I and anxiety disorder which included extreme impairment in job performance abilities (Id.). At that time, Petitioner was given a GAF score of 50, indicating serious symptoms (Id.). Dr. Borders further noted that Plaintiff suffered from hallucinations, panic episodes, and poor emotional stability and that she would "never be able to engage in any type of gainful employment" (Id.).

In July 2006 Plaintiff filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") claiming disability due to bipolar disorder beginning January 2001 (Id.). Her applications were denied initially, and she received a de novo hearing before an ALJ who found that Petitioner was disabled as of February 2, 2007, but that before this date she

could perform other work in the national economy and was therefore not disabled prior to February 2, 2007 (Id.). Plaintiff appealed to the Appeals Council, which denied review; Plaintiff then sought review from this Court, and by general order of reference the matter was referred to the Magistrate Judge (Id.).

**II. Discussion**

The Court reviews this matter de novo because Petitioner filed objections to the Magistrate Judge's Report and Recommendation. Fed. R. Civ. P. 72(b). The Court's sole function is to determine whether the record as a whole contains substantial evidence to support the ALJ's determination. 42 U.S.C. § 405(g); Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978). The ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(citing Consolidated Edison Co. V. N.L.R.B., 305 U.S. 197, 229 (1938)). The claimant has the burden of proving by sufficient evidence that she is entitled to DIB. 20 C.F.R. § 404.1512(a). In order to qualify for DIB, a claimant must be under 65 years old, have filed an application for DIB, and be under a disability, which means that, she must show that, during the relevant time period, she suffered impairment expected to last at least twelve months, which rendered her unable to perform either the work previously done by her or any other substantial gainful employment that exists

3

in the national economy. 42 U.S.C. § 423(a)(1); 42 U.S.C. § 423(d)(1)-(2). To qualify for SSI benefits, a claimant must be an "eligible individual" under the Act; eligibility is dependent on disability, income and other financial resources, with disability being determined as above. 42 U.S.C. § 1382(a); 20 C.F.R. § 416.202.

**A. The Magistrate Judge's Report and Recommendation**

The Magistrate Judge addressed two errors that Plaintiff assigned in relation to the November 12, 2008 ALJ decision: that the ALJ should have found Peititoner disabled prior to February 2, 2007 and that the ALJ erred in assessing Plaintiff's credibility prior to February 2, 2007 (Id.).

Regarding the finding of not-disabled prior to February 2, 2007, Plaintiff noted that certain of her medical reports from 2001-2006 indicated auditory hallucinations, tremors, severe mental illness, nervousness, anxiety, impulsive behavior, feelings of worthlessness, and the need for perfection (Id.). The ALJ noted that Plaintiff had no history of mental illness or treatment before 2001 (Id.). Furthermore, the ALJ noted that Petitioner's symptoms were kept under control during incarceration, and she held a job in prison without any serious problems (Id.). In addition, various mental health evaluations during this time showed Petitioner was responding to medication and did not present symptoms consistent with mental disability (Id.).

The Magistrate Judge found that the ALJ's determination was supported by substantial evidence because the records from Plaintiff's incarceration showed that, while she on occasion exhibited tremulous speech, nervousness, shaking, obsessiveness, and perfectionism, on the whole she was reported to be responding well to medication and treatment (Id.).

The Magistrate Judge noted that Plaintiff took issue with the ALJ's emphasis on Plaintiff's ability to work while incarcerated since working while incarcerated was mandatory and having a job in prison does not indicate that she did it well (Id.). However, the Magistrate Judge further noted that the record reflects that Plaintiff was found to be good at her job, that she enjoyed her interactions with students, and that her performance was assessed as adequate (Id.). Indeed, the Magistrate Judge observed that Plaintiff pointed to nothing contrary in the record (Id.). Consequently, the Magistrate Judge found that the ALJ had properly considered Plaintiff's work while incarcerated in determining her residual functional capacity (Id.).

The reports from the mental health evaluations conducted while Plaintiff was incarcerated, along with the residual functional capacity assessment conducted in September 2006 and the record supporting Plaintiff's work performance while incarcerated, provided, in the Magistrate Judge's view, substantial evidence to support a finding of not-disabled prior to February 2, 2007 (Id.).

5

With respect to the ALJ's finding that Plaintiff was credible after February 2, 2007 but not before, Plaintiff argued to the Magistrate Judge that it is illogical to find someone credible after a certain date but not before that date (Id.). The Magistrate Judge noted that the ALJ is entitled to a high degree of deference on her determination of credibility (Id., citing, inter alia, Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001)). He further noted that the ALJ's decision regarding Plaintiff's credibility was influenced by the absence of any job performance problems while in prison and Plaintiff's responsiveness to treatment while in prison in contrast to the deterioration that occurred upon her release (Id.). Given the contrast in the record, the Magistrate Judge found that the ALJ's decision regarding Plaintiff's credibility was supported by substantial evidence (Id.).

**B. Plaintiff's Objections**

Plaintiff's objections are identical to the assignments of error presented to the Magistrate Judge: she contends that the ALJ's decision regarding the onset of her disability was in error for the same reasons she presented to the Magistrate Judge; and she contends, just as she did before the Magistrate Judge, that it is illogical to find someone not credible before a date but credible after that date (doc. 16). Plaintiff claims that "no one properly considered that [her] records in early 2001 supported a severe

impairment that prevented her ability to work" (Id.). She urges the Court to take into consideration that she was in a controlled environment during incarceration, which limited her exposure to change and social situations, implying that this accounts for the change in severity of her symptoms upon release (Id.).

With respect to the credibility issue, Plaintiff again cites the same portions of the record that indicate that she experienced twitching, shaking and difficulty working with others, which she argues gives her testimony credibility (Id.).

**C. Analysis**

The question before this Court is whether the ALJ's findings are based on substantial evidentiary support from the record. For the same reasons set forth in the Magistrate Judge's Report and Recommendation, the Court finds that the ALJ's determination that Plaintiff was not disabled until February 2, 2007 was supported by substantial evidence. Even if the Court accepts Plaintiff's position that the record of her symptoms in prison could support a finding of disability, that position does not give Plaintiff the relief she seeks because that position says nothing about whether the ALJ's decision was supported by substantial evidence. In other words, even if the record could be read to support a finding of disability while Plaintiff was incarcerated, a decision the Court does not reach, Plaintiff has raised nothing to show that the ALJ's decision to the contrary was

7

not also supported by substantial evidence. The Court does not resolve conflicting evidence, and a showing that an opposing decision could be supported by substantial evidence is simply not the standard Plaintiff needs to meet. See, e.g., Collins v. Astrue, 373 Fed. Appx. 552 (6th Cir. 2010)("[E]ven if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ" the ALJ's decision should be given deference).

Plaintiff puts great stock in the fact that having a job in prison is mandatory, seeming to suggest that this means the ALJ should not have considered Plaintiff's job performance while incarcerated in her assessment. However, Plaintiff cites nothing for this proposition, that somehow a mandatory job, where one receives evaluations that indicate that one is good at one's job, should be discounted in an assessment of one's ability to work. As the Magistrate Judge noted, neither does Plaintiff cite to anything in the record indicating that she was unable to work, even if "required" to work. The fact that a job was mandatory in prison does not mean that an ALJ cannot consider the worker's performance in that job or ability to even do it at all when assessing the worker's disability. Plaintiff's job performance in prison, in addition to the numerous generally positive mental assessments, provides substantial evidence that she was, at that time, capable

of performing substantial gainful employment in the national economy. That Plaintiff "had to have a job", and that she experienced difficulties at times does not change this determination. Petitioner's daily work activities were adequate and she was assessed as being "good at her job" and "able to understand and follow instructions exactly." The ALJ's decision with respect to Plaintiff's ability to work prior to February 2007 is supported by substantial evidence, and Plaintiff has not demonstrated otherwise.

With respect to the credibility issue, a contention that the ALJ's decision "seems illogical" does not amount to a showing of error. Generously read, Plaintiff's position seems to be that the ALJ should have found her credible prior to February 2007 because she experienced symptoms related to her illness prior to February 2007, and those symptoms are reflected in the record. Again, however, such a position does not show that the Magistrate Judge's decision was unsupported by substantial evidence, merely that a contrary decision may also have been possible.

Plaintiff contends that the controlled environment of the prison is responsible for the fact that she performed better there than outside of prison, and she asserts that neither the ALJ nor the Magistrate Judge "accurately considered this." The Court is not sure on what basis Plaintiff makes this assertion or where she thinks it will lead. Clearly, the ALJ and the Magistrate Judge

were aware, just as this Court is, that Plaintiff was incarcerated during the contested time period. Clearly, this fact factored into their assessments, just as it does for the Court. However, this fact does not alter the standards Plaintiff must meet to prove disability. Indeed, it may very well be that her illness was better managed during prison and that her release from that controlled environment was the reason for her precipitous decline from a GAF of 70-75 to a GAF of 50 in a relatively short period of time. But, if true, this fact more readily supports the finding of non-disability in prison, not the other way around, as it concedes a level of performance and functioning in prison not present outside of prison. Indeed, while prison is undoubtedly a world of routine and structure, an environment that limits inmates' social interactions and responsibilities, it can surely also be a lonely, disempowering, and stressful place. In this light, the Court is confounded by Plaintiff's position, which seems to be that she can only adequately perform useful work while incarcerated, and does not find it persuasive. In any event, it does nothing to change the fact that the ALJ's determination of Plaintiff's credibility was, for the reasons set forth in the Magistrate Judge's Report, supported by substantial evidence.

### III. Conclusion

Accordingly, having reviewed this matter de novo pursuant to 28 U.S.C. §636(b), the Court ADOPTS the Magistrate Judge's


Report and Recommendation in its entirety (doc. 15), AFFIRMS the decision of the ALJ, and DISMISSES this case from the docket.

SO ORDERED.

Dated: October 5, 2010                /s/ S. Arthur Spiegel
                                      S. Arthur Spiegel
                                      United States Senior District Judge